UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04CV-722-H

FORD MOTOR COMPANY                                                                    PLAINTIFF

V.

MANNING EQUIPMENT, INC., et al.                                                  DEFENDANTS

**MEMORANDUM AND ORDER**

This case arises from the settlement of a product liability action in the United States District Court for the Eastern District of Pennsylvania. Now, Ford Motor Company, the settling defendant in that action, has asserted an indemnity claim in Kentucky federal court against its former co-defendant and a third-party defendant from the Pennsylvania action. One of those defendants, Life-Time Truck Products, Inc., ("Life-Time") has objected to the renewed claims in this Court and has moved to dismiss on various grounds.

In the Pennsylvania civil action, Joseph and Carol Portella asserted claims against Ford Motor Company and other defendants including Life-Time. Mr. Portella was injured when the rung of a ladder on his Ford truck collapsed. Life-Time designed and manufactured the ladder; Manning Equipment, Inc., Manning Truck Modification, Inc., and Manning Equipment, LLC (collectively the "Manning Defendants") installed the ladder to the side of the Ford truck that Mr. Portella drove on a regular basis. Ford joined the Manning Defendants as third-party defendants and asserted a cross-claim against Life-Time for indemnification and contribution. The Portella's settled their claims against Ford for a payment of $800,000. By agreement of all parties, the Portellas then dismissed with prejudice all their claims in the Pennsylvania litigation.

Ford dismissed without prejudice its cross-claim against Life-Time. Ford's claims against the Manning Defendants were dismissed for lack of personal jurisdiction. *Portella v. Life-Time Truck Products, Inc.*, 127 F.Supp.2d 652 (E.D.Pa., 2000). Nearly four years later, Ford filed its original complaint in this District containing various claims against Life-Time and the Manning Defendants. Defendant Life-Time moved to dismiss all those claims. Ford responded with a motion for leave to amend its original complaint.[1] The amended complaint omits Ford's claims as assignee of the Portella's and asserts only a common law right to indemnification against Life-Time and the Manning Defendants and an additional contract claim against the Manning Defendants.

Under Fed.R.Civ.P. 15(a), leave to amend "shall be freely given when justice so requires" and permission to amend shall be granted once as a matter of course "at any time before a responsive pleading is filed." The Sixth Circuit has held that a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) does not qualify as a "responsive pleading" within the meaning of Fed.R.Civ.P. 15(a). *Pertuso v. Ford Motor Credit Co.,* 233 F.3d 417, 420 (6th Cir. 2000). The Court finds no reason to prevent Ford from amending its complaint and will substitute the proposed amended complaint for Ford's original complaint.

Life-Time appears to make three arguments against the application of common law indemnity here. First, it says that Ford's claims are time-barred under applicable law. Second, it says that Ford lacks standing because Ford can only speculate about Life-Time's actual liability in tort to the Portellas. The Court can resolve these first two relatively easily. The five-year period of limitations set forth in KRS 413.120(7) for "[a]n action for an injury to the rights of the

---

[1] The amended complaint deletes Ford's claims as assignee of Joseph and Carol Portella's claims.

2

plaintiff, not arising on contract and not otherwise enumerated" is the applicable period within which to commence an action for common law indemnity in Kentucky. *Degener v. Hall Contracting Corp.*, Ky., 27 S.W.3d 775, 782 (2000)(quoting *City of Louisville v. O'Donaghue*, 162 S.W. 1110 (1914)). Thus, Ford's claim for indemnity against Life-Time is not barred by limitations. The assertion that Ford lacks standing to determine Life-Time's liability to the Portellas is not accompanied by any supporting argument. Nevertheless, it seems clear enough that Ford has standing to bring a claim for indemnification against Life-Time in Kentucky; Ford has allegedly been exposed to liability because of the wrongful act of another with whom he/she is not *in pari delicto*.[2] *Id.* at 780. To the extent that Life-Time's liability to the Portellas is relevant to that inquiry, that issue is also properly before the Court.

Life-Time also argues that the amended complaint does not state a claim for indemnity under Section 93, Restatement of Restitution. The reference to the Restatement of Restitution is understandable.[3] The reference is also confusing because Kentucky no longer restricts common law indemnity to application of the Restatement of Restitution. Consequently, the issue before the Court is much broader than a strict compliance with those provisions. At this point, the Court must focus upon whether Ford's bare indemnity claim is legally sufficient under current

---

[2] *In pari delicto* is a legal term meaning in equal fault or equally culpable.

[3] Ford's amended complaint specifically mentions Restatement of Restitution, § 93 as a basis for its common law indemnity claim. Presumably, Ford phrased the amended complaint in such a manner as a consequence of language contained in *Kanawha Steel and Equipment Co. v. Dorsey Trailers, Inc.*, 856 F.2d 780, 783 (6th Cir. 1988). In that case, the Sixth Circuit referenced the Restatement of Restitution as grounds for Kentucky's adoption of common law indemnity. Nevertheless, as the Court explains such a specific reference to Section 93 is both confusing and somewhat misleading.

Kentucky law.[4]

The right to indemnity at common law has a long history in Kentucky courts. Common law indemnity is available "in two classes of cases: (1) Where the party claiming indemnity has not been guilty of any fault, except technically, or constructively, as where an innocent master was held to respond for the tort of his servant acting within the scope of his employment; or (2) where both parties have been in fault, but not in the same fault, towards the party injured, and the fault of the party from whom indemnity is claimed was the primary and efficient cause of the injury." *Louisville Ry. Co. v. Louisville Taxicab & Transfer Co.*, 77 S.W.2d 36, 39 (1934) (quoting *Trustees of Village of Geneva v. Brush Elec. Co.*, 3 N.Y.S. 595, 596 (N.Y.Sup.Ct.1889)). For a long time, our courts cited *Brown Hotel Co. v. Pittsburgh Fuel Co.*, 224 S.W.2d 165 (1949)[5] as the leading Kentucky case on the issue of common law indemnity as well as the related concepts of primary and secondary liability. *See Kroger Company v. Bowman*, Ky., 411 S.W.2d 339, 343 (1967); *Crime Fighters Patrol v. Hiles*, Ky., 740 S.W.2d 936, 938 (1987). However, a lot has changed since Kentucky's highest court decided *Brown Hotel*.

---

[4] Both parties argue the merits of Kentucky law as to the validity of an indemnity claim. For the purposes of the motion to dismiss, the Court will assume that Kentucky law applies. The parties may wish to discuss the application of Kentucky law to these common law indemnity claims at greater length. In instances requiring choice among the substantive law of several states, Kentucky courts have historically expressed a willingness to apply the substantive law of Kentucky so long as Kentucky possesses "significant contacts" with a case and can justify using its own law. *Foster v. Leggett*, 484 S.W.2d 827 (1972). Federal courts located in Kentucky have indicated their willingness to follow this standard as the will of the state in which they sit. *Harris Corp. v. Comair, Inc.*, 712 F.2d 1069, 1071 (6th Cir. 1991). While this standard heavily favors the use of Kentucky law, the Court leaves open the question of whether the contacts with the state are "significant" in this case.

[5] In that case the hotel company had been held liable for injuries sustained by a pedestrian who was injured in an encounter with an unsecured manhole lid on the hotel's property; the hotel company was entitled to indemnity against the fuel company, whose employee had left the lid unsecured after unloading a delivery of coal into the manhole.

Both Kentucky courts and its legislature have since adopted comparative fault as the means of apportioning damages in tort cases. *See Hilen v. Hays*, Ky., 673 S.W.2d 713 (1984) and KRS 411.182. Until recently the Kentucky Supreme Court had not directly addressed common law indemnity in this modern context. In 2000, however, the Court confirmed that the implied equitable indemnity of *Brown Hotel* could exist side by side with the comparative fault regime announced in *Hilen v. Hays* and codified at KRS 411.182. *Degener*, Ky., 27 S.W.3d (2000). While settling this issue, the Court left open for later discussion the question of exactly how indemnity is applied in a particular circumstance. Our case involves one of those unusual circumstances that presents serious practical problems to the application of common law indemnity as explained in *Degener*.

Life-Time contends that Ford may not seek indemnity here because Ford voluntarily settled the case, no judgment was entered and Ford has not actually pled or acknowledged its liability. In its amended complaint, however, Ford asserts that it paid the settlement to the Portellas involuntarily. Our case seems factually indistinguishable from the circumstances in which both third-party plaintiffs asserted indemnity claims in *Degener v. Hall Contracting Corp.*, 27 S.W.3d at 777. The common law indemnity turns not on whether a judgment of liability has been entered against the allegedly negligent party but rather upon whether the party asserting the claim for indemnification was held legally liable for another's negligence. *Hutt v. Gibson Fiber Glass Products, Inc.,* 914 F.2d 790, 794 (6th Cir. 1990). Ford's settlement does not preclude its indemnity claim.

At this stage the Court can only assume the factual allegations of the complaint to be true. *Minger v. Green,* 239 F.3d 793, 797 (6th Cir. 2001). When two parties are not equally at

5

fault, indemnity may be available. *Kanawha Steel and Equip. Co. v. Dorsey Trailers, Inc.,* 856 F.2d 780, 782 (6th Cir. 1988)(Kentucky). Complete indemnity is available where one party's liability is secondary, i.e., arises solely from the negligence of another party and would not have arisen but for that negligence. *Brown Hotel*, Ky., 224 S.W.2d 165 (1949). Under Kentucky law, a defendant who is passively at fault for failing to detect a hazard may seek indemnity from the one who created the danger. *Hutt*, 914 F.2d at 795 (citing *Brown Hotel,* 224 S.W.2d 165 (1949)). The Court does have doubts about whether an indemnity claim can ultimately succeed on the facts of this case. Moreover, not even *Degener* has made clear the practical application of indemnity claims in these circumstances. However, all those relevant facts are yet to be fully developed and presented. At this stage, the Court concludes that the amended complaint does state the bare elements of an indemnity claim.

Finally, Life-Time argues that Ford's claim for attorney's fees and costs in the Pennsylvania action and the instant action is impermissible. Whether Life-Time, as an alleged indemnitor, failed to provide an adequate defense of the claim for damages is still a matter in dispute in this case. Thus, while Life-Time's arguments may be well taken, the issue is not appropriate for resolution until all of the relevant discoverable facts are before the Court.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion for leave to amend its complaint is SUSTAINED.

IT IS FURTHER ORDERED that Defendant Life-Time's motion to dismiss Plaintiff's claim of common law indemnity is DENIED.

IT IS FURTHER ORDERED that Defendant Life-Time's motion to dismiss Plaintiff's

claim of strict products liability is now MOOT.

cc: Counsel of Record